UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NIKOS D. SHARP,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY, PROGRESSIVE DIRECT INSURANCE COMPANY, DOES I – V, AND ROE CORPORATIONS I – V, inclusive,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00304-GMN-EJY<br><br>**ORDER** |

Pending before the Court are the inherently interrelated motions including Plaintiff's Motion for Protective Order (ECF No. 25) and Defendant James River Insurance Company's Counter Motion for Protective Order (ECF No. 28). These motions are fully briefed and have been considered by the Court.

The issues in this case involve, *inter alia*, a question of coverage—that is, whether Plaintiff, who was an Uber driver, was engaged with Uber as required by the insurance policy at the time of a car accident in which he was injured—as well as whether James River had sufficient notice of the action and failed to intervene thereby binding the insurer to a state court judgment. Plaintiff contends not only that James River had notice, but that the insurer cannot relitigate issues determined by Nevada's state court under the *Rooker-Feldman* doctrine. Plaintiff argues that the *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). However, the state court did not decide whether coverage under the James River policy extended to Plaintiff as the only Defendant named in the state court action was the other driver, and James River did not seek to intervene as that case proceeded.

The Court previously considered and denied a motion by James River that sought to limit discovery to the issue of coverage. *See* ECF Nos. 13 and 19. The Court now reconsiders its decision

1

regarding that motion under its broad discretion to manage proceedings as incident to its power to control its own docket. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[T]he interlocutory orders and rulings made pretrial by a district judge are subject to modification by the district judge at any time prior to final judgment"); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment"); *Mateo v. M/S Kiso*, 805 F.Supp. 761, 786 (N.D. Cal. 1991) ("[D]istrict courts are authorized to reconsider interlocutory orders at any time prior to final judgment, independently of Rule 60(b)"); *see also Bucy v. Nevada Construction Co.*, 125 F.2d 213, 217 (9th Cir. 1942) ("Rule 60 does not affect, interfere with, or curtail the common-law power of the federal courts[;] ... the broad power, which was theirs by the common law, to deal with situations where ... relief should be granted from manifest error, remain[s] inherent in the courts").

A review of the current motions, which largely argue the proper scope of discovery, leads the Court to revisit its Order denying what is properly considered phased discovery in this case. The Court finds that efficiency for the parties and the Court warrants an order allowing discovery to continue as to the issue of coverage alone, to be followed by dispositive motion practice. If the outcome of such motion practice is either that there is coverage or there is a question of fact regarding coverage necessary to go to a jury, then the parties shall brief what additional discovery, if any, is appropriate in the second phase. If the outcome of motion practice is that Plaintiff is not afforded coverage under the James River Insurance Company policy, then there will be no need for additional discovery as the matter will be resolved absent an appeal.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order (ECF No. 25) and Defendant James River Insurance Company's Counter Motion for Protective Order (ECF No. 28) are DENIED *without prejudice*.

IT IS FURTHER ORDERED that **within ten (10) days of the date of this Order**, the parties **shall** submit a joint proposal to the Court detailing with specificity what discovery, if any, each wishes to conduct regarding whether Plaintiff is entitled to coverage under the James River Insurance Company's policy. The report shall include whether experts will be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B), when expert reports will be exchanged, and when expert depositions will occur.

The report shall include a proposed date for the filing of dispositive motions, responses, and replies pertaining to coverage. The Court will consider the proposal and enter a revised phased discovery plan and scheduling order.

Dated this 29th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE